IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE ESTATE OF PHILEMON B. ELLIS, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| vs. | |
| OGDEN CITY, MATT JONES, TROY BURNETT, and OFFICERS JOHN DOE 1-20, | Case No. 1:07-CV-122DAK |
| | Judge Dale A. Kimball |
| Defendants. | |

This matter is before the court on Defendants Ogden City, Matt Jones, and Troy Burnett's[1] Motion to Dismiss Plaintiff The Estate of Philemon B. Ellis's (the Estate) First Amended Complaint with prejudice. The court held a hearing on the motion on June 2, 2008. At the hearing, Michael P. Studebaker represented the Estate, and Heather S. White and Allan L. Larson represented Defendants. Following the hearing, the court took the matter under advisement. Now, having carefully considered the memoranda and additional materials submitted by the parties, as well as the relevant law and facts relating to the motion, the court renders the following Memorandum Decision and Order.

---

[1] Defendants also include Officers John Does 1-20.

1

## BACKGROUND

On December 18, 2006, Jones and Burnett, both Ogden City police officers, were involved in a police stake out in Ogden, Utah. The stake out took place in an area of town known for gang activity.

During the stake out, Officer Jones observed Eddie Bustos commit a misdemeanor traffic violation. Officer Jones recognized Bustos, knew Bustos's name, and had the license number of the vehicle Bustos was driving. Officer Jones instituted pursuit, and Bustos began to accelerate his vehicle to high speeds and to drive into oncoming traffic. Officer Jones continued to pursue Bustos for approximately one minute through downtown Ogden, at times exceeding speeds of fifty-five miles per hour. At some point, Officer Jones stated to dispatch that Bustos was "an obvious danger to the public." Soon after the high-speed chase terminated, Bustos struck the vehicle in which Ellis was driving. Ellis and the vehicle driver died as a result of the crash.

In October 2006, the Estate filed a 42 U.S.C. § 1983 civil rights action against Defendants, alleging that in instituting and continuing a high-speed chase against Bustos, Defendants violated Ellis's Fifth and Fourteenth Amendment rights to due process and his Fourteenth Amendment right to equal protection. The Estate further alleges that Ogden City fostered, encouraged, and actively turned a blind eye to known violations regarding high-speed chases and formulated a policy that violations of regulations regarding high-speed chases would be condoned, excused, pardoned, and ignored, even under the most egregious circumstances.

In their Answer, Defendants asserted the qualified immunity defense. Defendants now move to dismiss the Estate's First Amended Complaint for failure to state a claim.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss the Estate's First Amended Complaint. *See* Fed. R. Civ. P. 12(b)(6). Defendants argue that the Estate fails to state a claim regarding Defendants' alleged violations of Ellis's Fifth Amendment right to due process and his Fourteenth Amendment rights to due process and equal protection. Specifically, Defendants claim that dismissal is appropriate because the Fifth Amendment does not apply to state actors, and the Estate has failed to plead material elements of its Fourteenth Amendment claims.

### I. Rule 12(b)(6) Standard

In reviewing a motion to dismiss for failure to state a claim, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008). Additionally, in recognition of and in compliance with the Supreme Court's decision in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), and the Tenth Circuit's ruling in *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210 (10th Cir. 2007), this court applies a "'plausibility'" standard in considering a 12(b)(6) dismissal. *Id.* at 1215 & n.2. That is "in determining whether to grant a motion to dismiss for failure to state a claim, [the court] 'look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.'" *Pace*, 519 F.3d at 1073. Under *Twombly*, it is the plaintiff's burden to frame a "'complaint with enough factual matter (taken as true) to suggest'" that he or she is entitled to relief. *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly,* 127 S.Ct. at 1965). To satisfy this burden,

a plaintiff must allege sufficient facts to "'nudge their claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly,* 127 S.Ct. at 1974).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."  *Id*.

Significantly, the Tenth Circuit has held that the motion to dismiss standard newly imposed by the Supreme Court in *Twombly* may have greater "bite" in the qualified immunity context, "reflecting the special interest in resolving the affirmative defense of qualified immunity 'at the earliest stage of a litigation.'" *Id*. at 1249 (citations omitted).

## II.   Constitutional Claims

The Estate brings suit against Defendants under 42 U.S.C. § 1983, alleging that Defendants violated Ellis's Fifth and Fourteenth Amendment rights to due process and his Fourteenth Amendment right to equal protection by instituting a high-speed chase against Bustos that caused Bustos to drive recklessly and, ultimately, to crash into Ellis's vehicle, killing him. The Estate also alleges that Ogden City, acting through the chief of police, fostered, encouraged, or actively turned a blind eye to known violations regarding high-speed chases and formulated a policy that violations of regulations regarding high-speed chases would be condoned, excused, pardoned, and ignored, even under the most egregious circumstances.

In their Answer, Defendants assert the qualified immunity defense, and in their Motion to Dismiss, Defendants claim that the Estate's First Amended Complaint fails to plead facts essential to rendering the qualified immunity defense inoperable in this case.  Defendants first argue that dismissal of the Estate's Fifth Amendment claim is appropriate because the amendment does not apply to state actors.  Second, the Estate asserts that the court should

dismiss the Estate's remaining constitutional claims because the Estate has failed to plead material elements of these claims. Regarding the Estate's Fourteenth Amendment equal protection claim, Defendants argue that the First Amended Complaint fails to allege the requisite element that Ellis was treated differently than from others similarly situated. As for the Estate's Fourteenth Amendment due process claim, Defendants contend that the Estate does not plead that Officers Jones and Burnett intended to cause harm in their pursuit of Bustos. This failure, according to Defendants, also defeats the Estate's claims against Ogden City because the Estate must show that the officers committed a constitutional violation for municipal liability to attach.

In response to Defendants' Motion to Dismiss, the Estate does not address Defendants' assertion that the Fifth Amendment is inapplicable to state actors. Nor does the Estate contest Defendants' contention that its equal protection claim fails because the Estate has not pleaded that Ellis was treated differently than others similarly situated. The court therefore grants Defendants' Motion to Dismiss the Estate's Fifth Amendment claim and the Estate's Fourteenth Amendment equal protection claim. In its analysis below, the court only addresses the Estate's claim that Defendants violated Ellis's Fourteenth Amendment right to due process.

"Qualified immunity protects government officials from individual liability in a section 1983 action unless the officers violated clearly established constitutional rights." *Radecki v. Barela*, 146 F.3d 1227, 1228 (10th Cir. 1998). If, as here, "a defendant pleads qualified immunity, the plaintiff must make a two-part showing." *Id*. "'First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right.'" *Id*. (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995)). "'Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly

established at the time of the conduct at issue.'"  *Id*. (quoting *Albright*, 51 F.3d at 1534).

To prevail on a Fourteenth Amendment substantive due process claim against a government officer or entity, a plaintiff must show that the government conduct "shocks the conscience." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 116 (1992).  In the high-speed chase context, the Supreme Court has ruled that deliberate or reckless indifference on the part of an officer does not satisfy this standard. *See County of Sacramento v. Lewis*, 523 U.S. 833, 853 (1988).  Rather, "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the . . . shock[-] the [-] conscience [standard], necessary for a due process violation." *Id*.  Accordingly, "high-speed chases with no intent to harm suspects physically or worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by action under § 1983." *Id*. at 853-54.

In determining that no § 1983 action will lie against officers in the high-speed chase context without a showing of purpose to cause harm, the Supreme Court analogized high-speed police chases to prison riots. *See id*. at 853.  The court explained that like prison officials confronting a riot, police officers involved in a high-speed chase face competing obligations. *See id*.  That is, "[t]hey are supposed to act decisively and to show restraint at the same moment, and their decisions have to be made in haste, under pressure, and frequently without the luxury of a second chance." *Id*.  (quotations and citation omitted).

> A police officer deciding whether to give chase must balance on one hand the need to stop a suspect and show that flight from the law is no way to freedom, and, on the other, the high-speed threat to all those within stopping range, be they suspects, their passengers, other drivers, or bystanders.

*Id*.

6

Here, the court agrees with Defendants that the First Amended Complaint sets forth no facts that plausibly support the shocks the conscience standard. The Estate alleges that Officer Jones recognized Bustos, knew Bustos's name, had the license number of the vehicle Bustos was driving, and even acknowledged to dispatch that Bustos was "an obvious danger to the public." These allegations, however, do not express, or even intimate, that Defendants intended to harm Bustos.

Perhaps recognizing this deficiency, the Estate focuses on its allegation that Officer Jones chased Bustos for many blocks and thus this was not an ongoing, instantaneous situation. The Estate states in its brief, "Clearly[,] if [Officer] Jones had enough time to deliberate and recognize the obvious public danger[,] he had time to cease the chase." In support of its contention that Officer Jones had sufficient time to deliberate, and thus, allegations of deliberate indifference are sufficient in this case, the Estate relies on the unpublished decision of *Sherwood v. Oklahoma County*, 42 Fed. Appx. 353, 2002 WL 1472197 (10th Cir. July 10, 2002). In that case, the court considered whether a county sheriff employee had sufficiently alleged a Fourteenth Amendment due process claim by asserting in his § 1983 action that the defendants acted with reckless indifference in requiring him to supervise inmates who were spray painting vehicles without providing him with ventilation or safety equipment. *See id*. at *1-2. The court determined in *Sherwood* that allegations of reckless indifference were sufficient. *See id*. at *5. In making this determination, the court recognized that "[t]ime and opportunity to deliberate are additional factors affecting the standard of fault" and that the "standard of fault is necessarily influenced by the state actor's immediate circumstances." *Id*. "Where there is time for thoughtful deliberation, defendants are held to a higher standard." *Id*. The court explained,

> [t]he law recognizes a constitutional violation based on deliberate
> indifference where defendants create a dangerous situation, enjoy
> the luxury of making an unhurried judgment, have the chance for
> repeated reflection largely uncomplicated by competing
> obligations, and nevertheless take action which at best sanction[s],
> at worst intend[s], [the p]laintiff's injury.

*Id*. at *6 (second and third alterations in original) (quotations and citation omitted).  In *Sherwood*, the "[d]efendants had over a year to contemplate their actions and the consequences of their conduct."  *Id*. at *5.

Despite the Estate's assertions, the court does not agree that the facts here are analogous to *Sherwood*.  Beyond the obvious distinction that this case involves a high-speed police pursuit, the Estate alleges no facts plausibly supporting the suggestion that the Officers had the chance for "unhurried[,] . . . repeated reflection uncomplicated by competing obligations."  *Id*. at *6.  Unlike the defendants in *Sherwood*, Officer Jones did not have the luxury of having over a year to contemplate his actions and their consequences.  *See id*. at *5.  According to the Estate, the chase lasted, at most, a matter of minutes.  As for the Estate's allegation that Officer Jones's statement to dispatch—that Bustos posed an obvious danger to the public—plausibly indicates unhurried contemplation, the court disagrees.  In fact, this alleged statement, even viewed in a light most favorable to the Estate, arguably indicates the contrary—that Officer Jones recognized and weighed the competing interests that were of great concern to the Supreme Court in *County of Sacramento v. Lewis*, 523 U.S. 833, 853 (1988).

In sum, given the heightened motion to dismiss standard now imposed by the Supreme Court, the fact that this standard may have greater bite in the qualified immunity context, and the Estate's failure to plead that Officers Jones and Burnett acted with intent to harm, the court grants Defendants' request to dismiss the Estate's Fourteenth Amendment due process claim

against Officers Jones and Burnett. Because, as Defendants correctly assert, municipal liability cannot attach unless the officers have committed constitutional violations, the court also grants Defendants' Motion to Dismiss as to Ogden City. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002) (requiring proof that an individual officer committed a constitutional violation before municipal liability will attach).

## CONCLUSION

Defendants' Motion to Dismiss all the Estate's claims is GRANTED with prejudice.

DATED this 8th day of August, 2008.

BY THE COURT:

_____

DALE A. KIMBALL

United States District Judge